**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DENISE KAY TRIMBLE,

        Plaintiff,

v.                                                                                     Case No. 6:19-cv-1074-Orl-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I. Status

Denise Kay Trimble ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work during the relevant time period was the result of "depression," "bipolar [disorder]," "pain [in the] shoulder/neck/knees/feet," "TFCC tear," "degenerative arthritis," "herniated discs," and "heart issues." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September 6, 2019, at 164, 172-73 (capitalization omitted). Plaintiff filed an application for DIB on November 24, 2015,[2] alleging a disability

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed September 6, 2019; Reference Order (Doc. No. 15), entered September 20, 2019.

[2] Although actually completed on November 24, 2015, see Tr. at 560, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as November 20, 2015, see, e.g., Tr. at 164.

onset date of February 26, 2007. Tr. at 560-63. The application was denied initially, Tr. at 164-70, 171, 180, 182-84, and upon reconsideration, Tr. at 172-78, 179, 181, 187-91.

On December 2, 2016, an Administrative Law Judge ("ALJ") convened a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 134-63. The hearing was continued so that the record could be supplemented with additional medical evidence. Tr. at 162. On November 6, 2018, the ALJ reconvened the hearing and received testimony from Plaintiff, who was represented by counsel, and a medical expert. Tr. at 77-106. The ALJ issued a Decision on December 3, 2018, finding Plaintiff not disabled through the date Plaintiff was last insured for DIB. Tr. at 15-28.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 559 (request for review), 695 (argument in support); see Tr. at 4-5 (Appeals Council exhibit list and order). On April 10, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 11, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ erred by "failing to apply the correct legal standards to the decision of the Department of Veteran Affairs [('VA')] and ma[king] findings not supported by substantial evidence." Plaintiff's Brief (Doc. No. 17; "Pl.'s Br."), filed November 8, 2019, at 1; see id. at 8-11. On January 7, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's contention. After a thorough review of the entire record and

consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where she ended the inquiry based on her findings at that step. See Tr. at 17-28. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of February 26, 2007 through her date last insured of September 30, 2011." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that through the date last insured, Plaintiff "had the following medically determinable impairments: degenerative change of the spine, right shoulder, ankles, knees, hands, feet;

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 3 -

radiculopathy involving the femoral nerve; bilateral patellar pain syndrome; history of left wrist sprain; history of mandibular fracture; affective disorder; and history of substance addiction disorder." Tr. at 18 (emphasis and citation omitted). Although finding Plaintiff had such medically determinable impairments, the ALJ further found, "Based on the limited treatment record between the alleged onset date and the date last insured, there is little evidence for finding a severe medically determinable impairment." Tr. at 18. The ALJ then proceeded to make alternative findings, assuming that all of the above-stated impairments were severe through the date last insured. Tr. at 18.

At step three, the ALJ found that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted). The ALJ determined that through the date last insured, Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 [C.F.R. §] 404.1567(b)." Tr. at 20 (emphasis omitted). At step four, the ALJ found that through the date last insured, Plaintiff "was capable of performing past relevant work as an administrative clerk and customer service clerk." Tr. at 27 (emphasis and capitalization omitted). The ALJ concluded that Plaintiff "was not under a disability . . . from February 26, 2007, through September 30, 2011, the date last insured." Tr. at 28 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245

F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. Parties' Arguments

In Plaintiff's sole argument on appeal, she contends the ALJ erred in evaluating a 100% disability rating assigned by the VA. Pl.'s Br. at 8-11. Plaintiff points out that the ALJ mistakenly stated the disability rating was assigned effective December 1, 2013, when in fact, it was effective in 2007. Id. at 8-9. Given Plaintiff's alleged onset disability date of February 26, 2007 and date last insured of September 30, 2011, Plaintiff argues this mistake was "a significant factual error that impacted the [D]ecision in this case." Id. at 10. Further, Plaintiff argues that although the ALJ listed as a reason for discounting the VA disability rating that the SSA uses different criteria than the VA, the ALJ failed to

"explain how the VA's program differed[.]" Id.  In making this argument, Plaintiff relies on Brown-Gaudet-Evans v. Comm'r of Soc. Sec., an unpublished decision by the United States Court of Appeals for the Eleventh Circuit in which the Court reversed and remanded an ALJ's decision, stating that even though the VA and the SSA use different criteria for disability determinations, "that does not mean that the ALJ can summarily ignore the VA's determination nor give it 'little weight.'"  673 F. App'x 902, 904 (11th Cir. 2016).

Responding, Defendant argues the mistaken date "[was] obviously just a scrivener's error" when read in context.  Def.'s Mem. at 12.  Further, Defendant contends "the ALJ gave a good reason, supported by substantial evidence, to discount Plaintiff's 100 percent disability rating: Neither the rating decision itself nor any of the underlying VA medical records from the relevant period indicate Plaintiff had any work-related functional limitations resulting from her impairments."  Id. at 9-10 (citations omitted).

### B. Law

The Regulation applicable to Plaintiff's claim (and effective only until March 27, 2017) explains that "[a] decision by any governmental agency . . . about whether you are disabled . . . is based on its rules" and is "not binding on [the SSA]."  20 C.F.R. § 404.1504.[4]  "[E]vidence of a disability decision by another governmental agency . . . cannot be ignored."  Social Security Ruling 06-03P, 2006 WL 2329939, at *2.  Because another agency's standards may be different than SSA standards, however, the other

---

[4] The SSA has since amended this Regulation to state that for claims filed on or after March 27, 2017, a SSA ALJ would "not provide any analysis . . . about a decision made by another governmental agency . . . about whether [a claimant is] disabled."  20 C.F.R. § 404.1504 (2017).  However, even under the amended Regulation, an ALJ must "consider[] all of the supporting evidence underlying the other governmental agency['s] . . . decision."  Id.

agency's disability determination may have limited relevance. Id. In any event, an ALJ must "explain the consideration given to" a decision by another agency. Id.

During the pendency of this appeal, after the briefing was closed, the Eleventh Circuit, applying the same version of the Regulation that applies here, decided in a published opinion "what role another agency's decision that a claimant is disabled plays when an ALJ considers whether the claimant is disabled for Social Security purposes." Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 (11th Cir. 2020). After resolving seeming inconsistencies or tensions in prior precedent, the Noble Court concluded that two questions should be answered in deciding whether a VA disability rating was properly considered by a SSA ALJ: 1) "whether the ALJ's decision shows that she considered the other agency's decision"; and 2) "whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision." Id. at 1330 (citations omitted). "If there is substantial evidence in the record, then the ALJ's decision should be affirmed." Id. (citation omitted).

Ultimately, the Court in Noble answered both questions in the affirmative, finding substantial evidence to support the ALJ's finding that "the VA's decision was inconsistent with the 'objective medical evidence' in the record." Id. The Court distinguished the unpublished Brown-Gaudet-Evans case, upon which the plaintiff there relied, by noting it "did not address the situation before" the Noble Court. Id. at 1331. In Brown-Gaudet-Evans, the ALJ "gave only [the] single reason for rejecting the VA's decision: that the VA applied a different standard to determine whether the claimant was entitled to disability benefits." Id. In Noble, however, "the ALJ did not reject the other agency's decision simply because the VA applied a different standard to determine whether [the plaintiff] was

disabled." Id. "Instead," stated the Court, "the ALJ explained that the VA's decision was contradicted by more recent objective medical evidence in the record." Id. Moreover, the Court noted that Brown-Gaudet-Evans is unpublished and not binding. Id. at 1330, 1331.

**C. Analysis**

Here, as noted previously, the ALJ mistakenly stated in the Decision that "[e]ffective December 1, 2013, the VA assigned a total combined disability rating of 100%."[5] Tr. at 24. In reality, the 100% disability rating by the VA was effective in 2007 (June 11, 2007 for most diagnoses; September 28, 2007 for one diagnosis). See Tr. at 586-87, 685-86. The ALJ then accurately summarized all of the various VA diagnoses and their corresponding disability ratings. Tr. at 24; see Tr. at 586-87, 685-86. The ALJ continued, "Clinical findings are documented . . . for the VA rating but without noting functional limitations" and the ALJ referred to "A QTC Medical Services examination on September 28, 2007." Tr. at 24. The ALJ proceeded to comprehensively summarize the findings of the September 28, 2007 examination upon which the VA disability rating was largely based. Tr. at 24-25; see Tr. at 586-95.

In the end, the ALJ declined to rely on the VA disability rating, finding that "[d]espite the VA's clinical findings, actual functional limitations are not indicated." Tr. at 25. The ALJ "[a]lso note[d] that VA impairments ratings, although considered, cannot be used as a sole basis for finding a disability." Tr. at 25. The ALJ explained that the SSA and VA "programs, processes, and criteria for receiving benefits are different." Tr. at 25. Namely,

---

[5] It is likely that the December 1, 2013 date came from a VA notice to Plaintiff indicating December 1, 2013 was "[t]he effective date of the last change to [Plaintiff's] current award." Tr. at 688.

the ALJ pointed out that a VA rating could be "temporary," while benefits are only payable by the SSA if an individual has "a severe impairment that is expected to last at least one year or result in death." Tr. at 25. Finally, although not in the portion of the Decision discussing the VA rating, the ALJ comprehensively summarized the medical evidence of record, which showed little treatment for physical impairments during the relevant time period, and some treatment in 2010 and 2011 for mental and alcohol abuse issues. Tr. at 21-23. The ALJ found that the medical evidence did not support the "loss of functioning" that Plaintiff alleged "as of the date last insured." Tr. at 21.

The ALJ did not commit reversible error in evaluating the VA disability rating. The mistaken December 1, 2013 date of the rating was an error, but not a harmful one, especially because the ALJ accurately recounted the September 28, 2007 date of the examination upon which the VA's disability rating was largely based.[6] And, there is nothing in the ALJ's Decision to indicate she discounted the VA's disability rating because she mistakenly believed it to be outside the relevant time period. To the contrary, she provided other reasons for discounting the rating that are supported by substantial evidence. First, the ALJ accurately stated that the VA's examination findings did not include functional limitations.[7] Second, the ALJ noted that the SSA and the VA have different standards. This reason, in and of itself, may not be enough under <u>Brown-Gaudet-Evans</u>, 673 F. App'x at 904, but it must be combined with the balance of the Decision. Third, the ALJ made the ultimate finding that the medical evidence of record

---

[6] At the December 2, 2016 hearing, the ALJ acknowledged the VA's 100% disability rating was assigned "some time in 2007." Tr. at 144.

[7] Plaintiff reported some functional limitations during the examination, but none were actually assigned by the VA. <u>See</u> Tr. at 586-99.

did not support the loss of functioning alleged.  See Noble, 963 F.3d at 1331.  Plaintiff does not specifically challenge this finding, and it is supported by substantial evidence.[8]  See Tr. at 696-966.

### V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 17, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

---

[8] Plaintiff points out that after evaluating the VA's disability rating, the ALJ stated, "For cases filed on or after March 27, 2017, [SSA] will no longer provide any written analysis about how we consider this evidence because it is inherently neither valuable nor persuasive to us.  We may provide written analysis about how we consider the underlying evidence supporting that agency's or entity's decision that we receive."  Tr. at 25-26.  This language appears to be superfluous because Plaintiff's claim was not filed after March 27, 2017.  Nevertheless, for the reasons stated in this Opinion and Order, the ALJ's Decision adequately complied with the applicable Regulation and binding precedent in the Eleventh Circuit.